UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                                              CIVIL ACTION NO.   1:18-cv-63-HSO-JCG

KING MAY                                                                    DEFENDANT

## COMPLAINT

Plaintiff United States of America, by and through the United States Attorney for the Southern District of Mississippi and the undersigned Assistant United States Attorneys for said District, on behalf of its agency, the United States Social Security Administration, alleges the following in support of its Complaint against King May:

### I.    Parties and Nature of Action

1.     This is a civil action brought by Plaintiff United States to collect Social Security Administration Disability benefit overpayments from Defendant King May.

### II.    Jurisdiction and Venue

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

3.     Venue is proper in the Southern District of Mississippi under 28 U.S.C. § 1391 because May resides within the Southern District of Mississippi.

### III.    Facts

4.     From April 2007 through July 2008, April 2009 through May 2010, August 2011 through November 2011, and January 2012 through December 2013, May was paid $54,539.60 in

Social Security Disability benefits.

5. May was not eligible to receive Social Security Disability benefits during the months identified in paragraph 4 of the Complaint because May worked or was engaged in "substantial gainful activity" during that time. 42 U.S.C. § 423(e); 20 C.F.R. § 404.316(b).

6. Accordingly, the $54,539.60 in Social Security Disability benefits May received in April 2007 through December 2013 constitute overpayments of $54,539.60 from Social Security to May.

7. The Social Security Act "require[s] such overpaid person or his estate to refund the amount in excess of the correct amount . . . ." 42 U.S.C. § 404(a)(1)(A).

8. May has paid $12,139.50 towards this overpayment. However, he currently owes an outstanding balance of $42,400.10 to Social Security for the overpayments he received in April 2007 through December 2013. See Ex. A (Certificate of Indebtedness).

9. Social Security sent multiple letters to May demanding that he pay his debt for the outstanding overpayments. To date, May has not repaid his debt to Social Security.

**Prayer for Relief**

The United States respectfully requests that the Court enter judgment in its favor, as follows:

    a. Entry of judgment against May and in favor of the United States in the amount of $42,400.10;

    b. Post-judgment interest at the rate prescribed by 28 U.S.C. §1961;

    c. That May is liable for collection costs, including reasonable attorney's fees and litigation costs, including filing fee costs in the amount of $400 ($350 filing fee plus $50.00 administrative fee) in favor of the United States pursuant to 28 U.S.C. § 2412(a)(2); and

      d.      Such other and further relief in favor of the United States that the Court deems just and proper.

DATED this the 23rd day of February, 2018.

                                    Respectfully submitted,

                                    D. MICHAEL HURST, JR.
                                    United States Attorney

                     BY:   <u>s/ Kristi H. Johnson</u>
                            KRISTI H. JOHNSON
                            Assistant United States Attorney
                            Mississippi Bar No. 102891
                            501 East Court Street, Suite 4.430
                            Jackson, MS 39201
                            601-965-4480
                            Kristi.johnson2@usdoj.gov

                            <u>s/ Marc A. Perez</u>
                            MARC A. PEREZ
                            Assistant United States Attorney
                            501 East Court Street, Suite 4.430
                            Jackson, MS  39201
                            Washington State Bar No. 33907
                            (601) 965-4480
                            Marc.Perez@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
KING MAY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    HARRISON
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kristi H. Johnson, AUSA, Marc A. Perez, AUSA
501 East Court Street, Suite 4.430
Jackson, MS 39201   (601) 965-4480

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| [X] 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 404(a)(1)(A)

Brief description of cause:
RECOVERY OF SOCIAL SECURITY DISABILITY BENEFITS OVERPAYMENT

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 42,400.10

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 02/23/2018

SIGNATURE OF ATTORNEY OF RECORD
KRISTI H. JOHNSON, AUSA; MARC A. PEREZ, AUSA

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Social Security Administration
Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241

CERTIFICATE OF INDEBTEDNESS

Claim No.    XXX-XX-7458
             King E. May JR
             11311 Creel Circle
             Gulfport MS 39503
Total debt due United States as of February 2018:    $42,400.10

I certify that the Social Security Administration's records show that the above-named debtor is indebted to the United States the amount stated above.

Section 223(f)(1)(B) of the Social Security Act states that an individual may be determined not to be entitled to disability benefits on the basis of a finding that the individual is able to engage in substantial gainful activity. Section 216(i) of the Act provides, generally, that Social Security disability benefits shall not be payable to a claimant for any months in which the claimant performs substantial gainful activity.

Section 223(a)(1)(E) of the Act states that the termination month shall be the third month following the earliest month in which an individual engages or is determined able to engage in substantial gainful activity, but in no event earlier than the first month occurring after the 36 months following such period of trial work in which he or she engages or is determined able to engage in substantial gainful activity.

From April 2007 through July 2008, April 2009 through May 2010, August 2011 through November 2011, and January 2012 through December 2013, the wage earner engaged in substantial gainful activity and was, therefore, not due any benefit payments. He was paid benefits totaling $54,539.60 and paid $12,139.50 towards the overpayment. Under Section 204(a) of the Social Security Act, the debtor has an unsatisfied indebtedness of $42,400.10

CERTIFICATION: Pursuant to 28 USC § 1746, I certify under penalty of perjury that the foregoing is true and correct.

*Tamara Holland* (signature)
Tamara Holland for Anita Sherrod
Associate Commissioner for the Office of
Central Operations

Date: February 22, 2018